IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2007

## NEIL LINCOLN MILLER v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 4933     Lynn W. Brown, Judge**

_____

**No. E2006-02348-CCA-R3-HC - Filed August 30, 2007**

_____

The petitioner, Neil Lincoln Miller, appeals the summary dismissal of his petition for habeas corpus relief. He contends that his sentence is illegal. Because the record and law establish that the petitioner is not entitled to habeas corpus relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ALAN E. GLENN, JJ., joined.

Neil Lincoln Miller, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder and John H. Bledsoe, Assistant Attorneys General, for the Appellee, State of Tennessee.

### OPINION

On February 22, 1999, the petitioner, who was originally charged with first degree murder, entered a plea of guilty to second degree murder and received a Range I sentence of twenty-five years' incarceration. On August 8, 2006, the petitioner filed a petition for writ of habeas corpus alleging that his sentence was illegal. The petitioner asserted that the sentence imposed by the trial court provided for an eighty-five percent release eligibility date in contravention of Tennessee Code Annotated section 40-35-501, which provides for one hundred percent service of a second degree murder conviction. *See* T.C.A. § 40-35-501(i)(1) (2006). The habeas corpus court dismissed the petition without a hearing, ruling that the petitioner had failed to established that he was serving an illegal sentence. In this appeal, the petitioner reasserts his illegal sentence claim.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. Apr. 27, 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de

novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Henderson*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

Here, the petitioner's sole claim is that his sentence is illegal because it included an eighty-five percent release eligibility date in direct contravention of Tennessee Code Annotated section 40-35-501. That statute provides, in pertinent part, as follows:

> There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

T.C.A. § 40-35-501(i)(1) (2006). Second degree murder is one of the offenses enumerated in subsection (i)(2). *Id.* § 40-35-501(i)(2). The petitioner contends that the erroneous release eligibility date was a bargained-for component of his plea agreement.

Initially, the petitioner's judgment reflects an accurate release eligibility date of one hundred percent. The only reference to the eighty-five percent release eligibility date appears on the plea submission form. The transcript of the plea submission hearing has not been made a part of the

record. Although it is certainly true that "as a general rule, when a plea agreement includes an illegal sentence, a defendant is entitled to withdraw the guilty plea," *Summers v. State*, 212 S.W.3d 251, 258 (Tenn. 2007) (citing *McLaney v. Bell*, 59 S.W.3d 90, 94-95 (Tenn. 2001)), it is also true that "[i]n the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions," *Summers*, 212 S.W.3d. at 261. "When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing." *Id.* Faced with a valid judgment form and no documentary evidence to support the petitioner's claim that an erroneous release eligibility date was a material element of his plea agreement, we must affirm the trial court's summary dismissal of his petition for habeas corpus relief.

Additionally, we note that although the plea submission form contains the notation "85%," this notation alone does not render the sentence illegal. Section 40-35-501 specifically provides that a sentence including a one hundred percent release eligibility date may be reduced by sentence reduction credits by up to fifteen percent. T.C.A. § 40-35-501(i)(1) (2006). A notation that the petitioner might be eligible for release after serving only eighty-five percent of his sentence, therefore, does not contradict any statutory provision. Thus, the petitioner's claim, even if true and supported by the appropriate documentation, would not entitle him to habeas corpus relief.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE